UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| KHALIEF RAHMON STAMPS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| SACHA ALICIA STAMPS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

VERIFIED COMPLAINT FOR RETURN OF CHILD TO
SINGAPORE AND ISSUANCE OF SHOW CAUSE ORDER

KHALIEF RAHMON STAMPS, "Father", Plaintiff above named, hereby files this his

Complaint against SACHA ALICIA STAMPS, "Mother," Defendant above named, pursuant to

The Convention on the Civil Aspects of International Child Abduction, done at The Hague on

October 25, 1980; (Hereinafter referred to as "The Hague Convention") and The International

Child Abduction Remedies Act, 42 U.S.C. 11601 et seq. hereinafter referred to as "ICARA."  In

support of his Complaint, Plaintiff shows this Honorable Court the following:

**INTRODUCTION**

1.    This Complaint is brought pursuant to The Convention on the Civil Aspects of

International Child Abduction, done at The Hague on October 25, 1980[1] and the International

Child Abduction Remedies Act[2].

2.    It is filed as a result of the illegal and wrongful removal and wrongful  retention by

Mother of the parties' minor child in the United States from the proper custody and habitual

---

[1]  T.I.A.S. No. 11,670 at 1,22514 U.N.T.S. at 98, *reprinted* in 51 Fed. Reg. 10,493 (1986) text available at:
http://www.hcch.net/index_en.php?act=conventions.pdf&cid=24 (Last accessed March 15, 2013).

*Stamps vs. Stamps*
United States District Court, Northern District of Georgia
Verified Compliant

residence jurisdiction of Singapore.

3.     The Hague Convention came into effect in the United States of America on July 1, 1988.

4.     The objectives of the Convention are as follows: (1) to secure the immediate return of children wrongfully removed or wrongfully retained in any Contracting States; and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States.  *Convention, Art.1*.

## JURISDICTION

5.     This Court has jurisdiction under ICARA §11603 , because this case involves the retention of a minor child under the age of sixteen in the United States from the child's habitual residence of Singapore, and the child is currently located within the jurisdiction of this Court either  in DeKalb County, Fulton County or Cobb County, Georgia.  Mother is refusing to provide the child's current address to Father.

## FACTS

6.     Father and Mother married in Fulton County, Georgia in the United States of America on August 4, 2013.

7.     The parties are the parents of K.H.S, male, born 2012 in New York City (the "child").

8.     The parties and the minor child moved to Singapore in July 2018 when Father signed an employment contract to work for Singapore American School. Mother opened and

---

[2] 42 U.S.C. 11601 *et seq*. (2001).

*Stamps vs. Stamps*
United States District Court, Northern District of Georgia
Verified Compliant

worked at her home based salon in Singapore. See a copy of the parties' tenancy agreement in Singapore attached hereto as Exhibit "A" as well as Singapore residence documents attached hereto as Exhibit "B'. See copy of Mother's business licenses for her home based salon in Singapore attached hereto as Exhibit "C". Mother dissolved her Georgia business prior to the family's move to Singapore (see a copy of Georgia Secretary of State documents related to the dissolution of the Mother's business as of September 7, 2018 attached hereto as Exhibit "D").

9.     The minor child has attended Singapore American School since 2018 and is still enrolled through the 2021 school year. See a copy of attendance records as well as grade reports attached hereto as Exhibit "E". See copies of re-enrolment records attached hereto as Exhibit "F". The child is not currently enrolled to any schools in Georgia.

10.     On or about November 1, 2019 Father extended his employment contract with Singapore American School for more years. See a copy of the employment contract attached hereto as Exhibit "G".

11.     In January 2020, Father asked for divorce from Mother and hired an Attorney in Singapore for the filing of an interim care custody and control action. Mother received communication from Father's attorneys in Singapore and she intentionally tried to stall the action in Singapore. See copy of the communication between Mother and Father's attorneys in Singapore attached hereto as Exhibit "H".

12.     On or about January 20, 2020 Father wrote to Mother that he did not consent to the minor child leaving Singapore. Father further retained the minor child's passport and documents to prevent Mother from any attempts to abduct the minor child from Singapore.   See

*Stamps vs. Stamps*
United States District Court, Northern District of Georgia
Verified Compliant

Page 3 of  11

a copy of the email from January 20, 2020 attached hereto as Exhibit "I".

13.    On March 5, 2020, Father was informed that Mother, without the knowledge or authorization of Father, had abducted the child from Singapore to the United States.    See a copy of the Mother's email attached as Exhibit "J". Father filed a police report with Singapore police force reporting the child's wrongful removal. See a copy of the police report attached hereto as Exhibit "K".

14.    On March 4, 2020, Father received a copy of the Petition for Divorce and other Relief (Exhibit "L') and Motion for Emergency Ex-Parte Hearing (Exhibit "M") and Amendment to Petitioner's Motion for Emergency Ex-Parte Hearing that Mother had filed in the Superior Court of DeKalb County, Civil Action File No.  20FM2406 (Exhibit "N"). Mother also emailed Father on March 5, 2020 informing him that she had obtained a new passport for the minor child without Father's consent and removed the child from the United States without Father's consent. See a copy of the email communication on March 4 and March 5, 2020 attached hereto as Exhibit "J".

15. Without the knowledge of the Father, while still residing in Singapore, on February 14, 2020 the Mother filed a Petition for Divorce and other Relief and Motion for Emergency Ex-Parte Hearing and filed an Amendment to Petitioner's Motion for Emergency Ex-Parte Hearing in the Superior Court of DeKalb County, Civil Action File No.  20FM2406.

16.    While the Mother was still residing in Singapore, an Ex-Parte Hearing was held in the Superior Court of DeKalb County, before The Honorable Clarence F. Seeliger, on February 24, 2020.  See Order attached as Exhibit "O".  Father did not know about that hearing, was not

*Stamps vs. Stamps*
United States District Court, Northern District of Georgia
Verified Compliant

Page 4 of  11

represented in that hearing and had no way to appear for the same.  He was also not properly

served with the petition and notice for the hearing.

17.     Mother continues to refuse the return of the minor child to Singapore.

18.     Father never consented to Mother's unilateral decision to abduct and retain the

minor child in the United States.

## COUNT I – WRONGFUL REMOVAL AND RETENTION

19.     Father restates and re-alleges the allegations contained in Paragraphs one through

18 as if fully set forth herein.

20.     On March 5, 2020, Mother expressed to Father that she would not return the minor

child to the Singapore.

21.     The Hague Convention applies to cases where a child under the age of sixteen (16)

years has been removed or retained from her habitual residence in breach of rights of custody of

a plaintiff, which the plaintiff had been exercising at the time of the wrongful removal or

wrongful retention of the child.

22.     The child in this case is under the age of 16.

23.     The habitual residence of the minor child is Singapore.

24.     At the time of the Mother's wrongful removal and wrongful retention of the minor

child in the United States of America from Singapore, Father had and continues to have rights of

custody under Singapore law.

25.     Parental responsibility is a right of custody under Article 5 of the Hague

Convention.

*Stamps vs. Stamps*
United States District Court, Northern District of Georgia
Verified Compliant

26.     At the time of Mother's wrongful removal and wrongful retention of the child, Father was exercising his custody rights within the meaning of Articles Three and Five of the Convention.  To wit: he is the child's father, has exercised custody rights over the child as the child's caretaker since birth, has been actively involved in all aspects of the child's life since birth, and has never consented to the child's removal from Singapore and remaining in the United States permanently.

27.   Father is requesting the return of the child to Singapore by filing an Application for Return with the Central Authority for the United States of America and by filing this immediate action.

28.     Father has never acquiesced or consented to the retention of the child in United States of America from Singapore.

29.     Father has taken all legal steps available to him to seek the return of the child to Singapore.

30.     The child is currently physically located within the Northern District of Georgia either in DeKalb, Fulton or Cobb  County, Georgia.  Mother is refusing to provide Father with the exact address or location of the minor child.

**COUNT II– STAY OF THE DIVORCE PROCEEDING IN DEKALB COUNTY**

31.     Father restates and re-alleges the allegations contained in Paragraphs one through 30 as if fully set forth herein.

32.     Pursuant to Article 16 of the Hague Convention, "After receiving notice of a wrongful removal or retention of a child in the sense of Article 3, the judicial or administrative

*Stamps vs. Stamps*
United States District Court, Northern District of Georgia
Verified Compliant

Page 6 of  11

authorities of the Contracting State to which the child has been removed or in which it has been retained shall not decide on the merits of rights of custody until it has been determined that the child is not to be returned under this Convention or unless an application under this Convention is not lodged within a reasonable time following receipt of the notice.

33.     Under Article 16 of the Hague Convention, Father requests that Civil Action File No.  20FM2406 of the Superior Court of DeKalb County, where Mother filed her Petition for Divorce and Other Relief and any other pleadings and orders filed in the Superior Court of DeKalb County, Civil Action File No.  20FM2406 *styled Sacha Alicia Stamps v Khalief Rahmon Stamps* including DeKalb County Superior Court's Order on Petitioner's Motion for Emergency Ex Parte Hearing dated February 24, 2020, shall be stayed until this Verified Complaint is adjudicated.

## PROVISIONAL AND EMERGENCY REMEDIES

34.     Father requests that the Court issue a Show Cause Order forthwith ordering the appearance of Mother and child before this Court on the first available date on the Court's calendar and directing Father to serve the Show Cause Order on the Mother by process forthwith.

35.     Pursuant to ICARA §11604, in a proceeding for the return of a child, "[n]o court exercising jurisdiction...may...order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied."  ICARA § 11604.  In this case, the law referred to is that of Georgia.  In Georgia, the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") is the source for statutory law governing, *inter alia*, the resolution of both domestic and international child custody disputes and is codified as O.C.G.A.

*Stamps vs. Stamps*
United States District Court, Northern District of Georgia
Verified Compliant

§19-9-40 et seq.  Georgia law addresses the appearance of the parties and the children in such cases and authorizes this Court to order the appearance of the children and custodian or custodians *together*.  This Court therefore has the authority to issue a show cause order, ordering the appearance of Defendant and child in that the provisions of O.C.G.A. §19-9-40 et seq. can be met.

36.    Father further requests that along with the Show Cause Order, this Court issue an Order prohibiting the removal of the child from the jurisdiction of this Court during the pendency of the proceedings in this Court, an Order taking into safe-keeping all of the child's travel documents and thereafter, and an Order setting an expedited hearing on the Verified Complaint for Return of the Child to Singapore.[3]

37.    Pursuant to Article 11 of the Hague Convention, judicial authorities are to act expeditiously in Hague Convention matters.  The Hague Convention provides for a six week time frame to reach a resolution of all judicial matters. *See Chafin v Chafin*, 133 S. Ct. 1017 (2013).

## UCCJEA DECLARATION

38.    The details regarding the minor child that are required to be provided under the UCCJEA are as follows:

-Since March 3, 2020, the child has been physically located with Mother. Mother took the child from the parties home in Singapore to the United States without the knowledge or consent of Father and now refuses to return the child to his country of habitual

*Stamps vs. Stamps*
United States District Court, Northern District of Georgia
Verified Compliant

Page 8 of  11

residence.

-Father does not have information of any custody proceeding concerning the child pending in any other court of this or any other State, other than the information provided in this Petition.

-Father does not know of any person or institution not a party to the proceedings that has physical custody of the child or claims to have rights of parental responsibility or legal custody or physical custody of, or visitation or parenting time with the child.

## NOTICE OF HEARING

39.     Pursuant to ICARA § 11603©, Mother will be given notice of any hearings in accordance with § 36-6-211 of the UCCJEA.[4]

40.     Father has incurred substantial expenses as a result of the Mother's wrongful retention of the minor child.

41.    Father respectfully requests that this Court award all legal costs and fees incurred to date as required by ICARA §11607, reserving jurisdiction over further expenses.

## RELIEF REQUESTED

**WHEREFORE,** Father, Khalief Rahmon Stamps, respectfully requests the following relief:

a)      That this Court issue and Order directing the prompt return of the child to his

---

[3] Such a Petition may also be treated as an application for a Writ of Habeus Corpus itself. *Zajaczkowski v. Zajaczkowska,*932 F. Supp. 128, 132 (D.Md. 1996) ("[T]he Court will treat the [Convention] petition as an application for a writ of habeus corpus...pursuant to 28 U.S.C.A § 2243").

[4]The Convention itself does not specify any specific notice requirements. ICARA provides that notice be given in accordance with the applicable law governing notice in interstate child custody proceedings. ICARA § 11603(c).

*Stamps vs. Stamps*
United States District Court, Northern District of Georgia
Verified Compliant

habitual residence of Singapore in accordance with Father's parental responsibility rights, residence rights, and rights of custody under the laws of the Singapore and Article 5 of the Convention respectively;

b)     That this Court issue a Show Cause Order prohibiting the removal of the child from the jurisdiction of this Court and the taking into safe-keeping of the child's passports and travel documents;

c)     That this Court issue a Show Cause Order forthwith commanding the Mother to appear with the child in this Court to show cause why the child has been kept from her Father and why the child should not be returned to the Singapore forthwith;

d)     That this Court schedule the Show Cause and Scheduling hearing as soon as possible and the final trial of the matter soon thereafter, in keeping with the Supreme Court of the United States' instructions on complying with the time considerations of the Hague Convention;

e)     That if Mother fails to appear pursuant to this court's Show Cause Order, that this Court issue an Order directing that the name of the child be entered into the national police computer system (N.C.I.C.) missing persons section and that an arrest warrant be issued for the Defendant;

f)     That this Court will issue an Order staying custody proceeding of the minor child of the parties that is currently pending as Civil Action File No.  20FM2406 of the Superior Court of DeKalb County until this Verified Complaint is adjudicated;

*Stamps vs. Stamps*
United States District Court, Northern District of Georgia
Verified Compliant

g)       That this Court issue an Order directing Mother to pay Father's reasonable legal

costs, fees and expenses; and

e)       That this Court grant any such further relief as justice and Father's cause may
require.

RESPECTFULLY SUBMITTED this 16th day of March, 2020.

THE MANELY FIRM, P.C.


**/s/:Michael E. Manely**
MICHAEL E. MANELY
GA Bar No. 468580
DINA KHISMATULINA
GA Bar No. 827929

148 S. Clayton Street, Ste B
Lawrenceville, GA 30060
Phone (770) 421-0808
Fax (770) 421-0288
tmf@allfamilylaw.com

*Stamps vs. Stamps*
United States District Court, Northern District of Georgia
Verified Compliant